UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| MATTHEW AARON CONE,<br><br>Plaintiff,<br><br>vs.<br><br>JULIA ORROCK, LUCA ORROCK, KENNETH ORROCK, BRENT BORRENSON, GEORGE GAZZOLA,<br><br>Defendants. | 5:22-CV-05087-RAL<br><br>OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915 SCREENING TO ALLOW PLAINTIFF TO FILE AMENDED COMPLAINT WITH EEOC MATERIALS ATTACHED |

Plaintiff Matthew Aaron Cone filed a pro se lawsuit alleging employment discrimination.[1] See Doc. 1. Cone moves for leave to proceed in forma pauperis and has filed a financial affidavit. Doc. 2. Cone has also filed a motion for appointment of counsel. Doc. 3. This Court now screens Cone's complaint under 28 U.S.C. § 1915(e)(2).

**I.    Motion for Leave to Proceed In Forma Pauperis**

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to

---

[1] Cone does not specify under which federal statutes he sues defendants. See Doc. 1 at 5. Construing his complaint liberally, this Court finds that Cone brings claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 (ADEA), and the Americans with Disabilities Act of 1990 (ADA). See id. at 1, 4; Doc. 1-1 at 1-2.

1

proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). After review of Cone's financial affidavit, the Court finds that he has insufficient funds to pay the filing fee. Thus, Cone's motion for leave to proceed in forma pauperis, Doc. 2, is granted.

## II.     1915 Screening

### A.     Factual Allegations of Cone's Complaint

Cone claims that he was formerly employed with Black Hills Patrol, a company owned by defendants Julia Orrock, Brent Borrenson, and Luca Orrock. Doc. 1-1 at 1. He claims that they "allowed [him] to work over 60 hours a week, while under contract, oftentimes more than 70 hours, knowing [his] age and health condition." Id. He states that he has a "heart condition and additional health concerns." Id. at 2. Cone alleges that Julia Orrock, Borrenson, and Luca Orrock also violated his contract by "not paying [him] his contracted sales commission earned and no overtime, without a proper designation of [his] federal classification of 'salaried employee.' " Id. at 1. He asserts that Julia Orrock, Borrenson, and Luca Orrock knowingly allowed convicted felons Kenneth Orrock and George Gazzola to run Black Hills Patrol. Id. Cone alleges that Kenneth Orrock, "at the behest of the owners," singled him out "with a system of lies and slander" in order to investigate his relationship with another employee, even though "such a relationship is not against Black Hills Patrol policies." Id. He also alleges that Kenneth Orrock used other employees, including Gazzola, for this purpose. Id.

Cone states that he was given an "action plan" that included a demotion "from Operations Manager to a regular employee and a complete change of long-standing policy, regarding assisting one specific employee, thus putting the employee in danger." Id. He states that "[w]ithin this action plan, [he] was accused of violating Black Hills Patrol reporting policy regarding the

employee's filing of an EEOC complaint." Id. He claims that the action plan was used to justify his own termination during the EEOC investigation spurred by the other employee's complaint. See id. He alleges that Julia Orrock, Borrenson, and Luca Orrock cited unspecified policy violations by Cone as the cause of his termination. Id. Cone claims that, following his termination, Luca Orrock, Kenneth Orrock, and George Gazzola "have been charged by [him] with criminal charges including [h]arassing phone calls and stalking[.]" Id. He also references "racist comments made in his presence[.]" Id. at 2.

Cone states that he filed an EEOC complaint and that he has received a Notice of Right to Sue letter based on his age and health. Doc. 1 at 1. Cone attached neither the EEOC complaint nor the right-to-sue letter to his complaint. He seeks to bring claims based on the allegations contained within his EEOC complaint, unpaid commissions, tax issues stemming from W-2 irregularities, unpaid overtime and vacation hours, slander and stalking by the defendants, breach of contract, unfiled workers' compensation reports, "targeted termination during [his] EEOC complaint[,]" and wrongful termination. Id. at 1, 4. He seeks a public apology in writing for the racist comments, a notarized apology for all lies and slander, and either the closing of Black Hills Patrol or the signing over of the company to him. Doc. 1-1 at 4. He also asks for $30,000,000 for his pain, suffering, stress, and weight loss caused by the defendants, as well as all court costs incurred, lost wages based on wrongful termination, payment of medical bills owed because of the unfiled workers' compensation reports, and payment of the unpaid money owed for commissions and vacation time. Id. at 4; Doc. 1-1 at 2.

B.     **Legal Standard**

A court when screening under § 1915 must assume as true all facts well pleaded in the complaint. Estate of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights

complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam) (citations omitted).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted). If a complaint does not contain these bare essentials, dismissal is appropriate. See Beavers v. Lockhart, 755 F.2d 657, 663-64 (8th Cir. 1985). Twombly requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation omitted); see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing Twombly, 550 U.S. at 553-63)). Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation omitted) (quoting Twombly, 550 U.S. at 556).

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a), the court must then determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982); see also Key v. Does, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss claims if they "(i) [are] frivolous or malicious; (ii) fail[ ] to state a claim on which relief may be granted; or (iii) seek[ ] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court will now assess each individual claim under 28 U.S.C. § 1915.

    **C.**     **Cone's Causes of Action**

        **1.**     **Administrative Exhaustion of Employment Discrimination Claims**

Plaintiffs alleging violation of federal discrimination statutes must first file complaints with the EEOC. Sellers v. Deere & Co., 791 F.3d 938, 943 (8th Cir. 2015). This Court can only consider employment discrimination claims once they have been exhausted through the EEOC process. See Weatherly v. Ford Motor Co., 994 F.3d 940, 944 (8th Cir. 2021). The EEOC must be offered the "initial opportunity to investigate allegations of employment discrimination and to work with the parties toward voluntary compliance and conciliation." See Parisi v. Boeing Co., 400 F.3d 583, 585 (8th Cir. 2005).

Cone states that he filed a complaint with the EEOC and that he received a Notice of Right to Sue letter regarding his age and health issues. Doc. 1 at 1. Cone attached neither his EEOC complaint nor the right-to-sue letter, and he provides no details or dates of his employment or EEOC proceeding, other than stating in his motion for leave to proceed in forma pauperis that he was fired on February 28, 2022. See id.; Doc. 1-1 at 1; Doc. 2 at 5. Thus, this Court cannot determine that Cone's age or health discrimination claims have not been properly exhausted.

5

Because this Court at this stage must assume as true all facts well pleaded in the complaint, Cone's claims regarding his age and health issues are not dismissed for failure to exhaust administrative remedies. See Estate of Rosenberg, 56 F.3d at 36.

Cone references "racist comments" made by the defendants in an attachment to his complaint. See Doc. 1-1 at 2. Construing his complaint liberally, Cone seeks to bring claims for racial discrimination under Title VII of the Civil Rights Act of 1964. But Cone does not allege that he raised racial discrimination issues in his EEOC complaint or that his Notice of Right to Sue letter addresses racial discrimination. See Doc. 1 at 1. The Eighth Circuit Court of Appeals has instructed courts to "construe administrative charges liberally" but not to "invent, *ex nihilo*, a claim that was not made before the relevant agency." Weatherly, 994 F.3d at 940. Whether Cone can maintain any claims of racial discrimination depends on whether they were brought before the EEOC, so this Court defers ruling on whether Cone failed to exhaust his administrative remedies on these racial discrimination claims. This Court probably could dismiss this claim without prejudice under 28 U.S.C. § 1915(e)(2)(B)(2) but will allow Cone thirty days within which to amend his complaint and attach the EEOC material.

### 2. ADEA Claims

"The ADEA prohibits an employer from discharging 'any individual or otherwise discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.'" Hindman v. Transkrit Corp., 145 F.3d 986, 990 (8th Cir. 1998) (alteration in original) (quoting 29 U.S.C. § 623(a)(1)), abrogated on other grounds by Torgerson v. City of Rochester, 643 F.3d 1031 (8th Cir. 2011) (en banc). When a plaintiff's claim of age discrimination is not based on direct evidence of intentional discrimination, the plaintiff must establish a prima facie case of age discrimination by showing

that "(1) he or she is a member of a protected age group; (2) he or she was qualified for the position he held; (3) despite his or her qualifications, he or she was demoted; and (4) he or she was replaced by a younger person." Id. (citing Ziegler v. Beverly Enterprises-Minnesota, Inc., 133 F.3d 671, 675 (8th Cir. 1998)). "The ADEA protects individuals who are at least forty years old." Id. (citing 29 U.S.C. § 631). Thus, Cone must show that he is at least forty years old, that he is qualified to perform his job, that he suffered an adverse employment action, and that employees who are not at least forty years old were treated differently. See id. (citing Ziegler, 133 F.3d at 675).

Here, Cone at this time has not alleged facts sufficient to state claims under the ADEA. His complaint does not allege that he was fired or suffered adverse employment actions because of his age. See Doc. 1 at 1, 4; Doc. 1-1 at 1-2. Cone states in his motion for leave to proceed in forma pauperis that he was 61 years old when he filed this lawsuit. Doc. 2 at 5. He also alleges that he suffered adverse employment actions in that he was demoted and fired. Doc. 1-1 at 1. But other than his claim that his termination was wrongful, he does not allege that he was qualified to perform his job. See id. at 1-2. Cone also makes no claims regarding the ages of other employees or that he was treated differently than younger employees. See id. at 1. Cone alleges no facts showing direct evidence of intentional discrimination. See Doc. 1 at 1, 4; Doc. 1-1 at 1-2. Cone's failure to allege a prima facie case of age discrimination would merit dismissal without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii), but this Court is allowing Cone thirty days within which to amend his complaint and will refrain from dismissal until he does so.

### 3. ADA Claims

The ADA requires employers to provide "reasonable accommodations to the known physical . . . limitations of an otherwise qualified individual with a disability who is an . . . employee, unless [they] can demonstrate that the accommodation would impose an undue

7

hardship." Fenney v. Dakota, Minn., and E. R.R. Co., 327 F.3d 707, 711 (8th Cir. 2003) (omissions in original) (quoting 42 U.S.C. § 12112(b)(5)(A)). "To obtain relief under the ADA, [a plaintiff] must show that he (1) has a 'disability' within the meaning of the ADA, (2) is a 'qualified individual' under the ADA, and (3) 'suffered an adverse employment action as a result of the disability.'" Id. (quoting Duty v. Norton-Alcoa Proppants, 293 F.3d 481, 490 (8th Cir. 2002)).

Cone fails to state a claim under the ADA because he fails to allege that he suffered an adverse employment action as a result of his disability. Cone states that he has a "heart condition and additional health conditions." Doc. 1-1 at 2. He provides no other details as to his disability or his disability's impact on his employment. See id. at 1-2; Doc. 1 at 1, 4. Cone claims that "Julia Orrock, Brent Borrenson, and Luca Orrock allowed [him] to work over 60 hours a week, while under contract, oftentimes more than 70 hours, knowing [his] age and health condition." Doc. 1-1 at 1. Cone does not allege that he was required to work 60 to 70 hours a week, nor does he allege that his health condition made doing so more difficult or dangerous to his health. See id. Cone also does not allege that he suffered an adverse employment action as a result of his disability. See id. at 1-2; Doc. 1 at 1, 4. At most, he claims that the owners of Black Hills Patrol treated him unfairly and allowed other employees to treat him unfairly. See Doc. 1-1 at 1. But he does not allege that this unfair treatment had any connection to his disability. See id. Thus, Cone's ADA claims could be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(2), but this Court is allowing him an opportunity to amend his complaint within 30 days hereof.

### 4. State-Law Claims

Cone alleges that the defendants have slandered him, stalked him, failed to file workers' compensation reports resulting in unpaid medical bills, breached his contract, wrongfully terminated him, and failed to pay him commissions, overtime, and vacation hours. Doc. 1 at 1, 4.

Construing his complaint liberally, Cone seeks to bring a variety of state-law claims. See id. Under 28 U.S.C. § 1367(a), this Court shall have supplemental jurisdiction over all other claims that "form part of the same case or controversy" as the civil action over which this court has original jurisdiction. But the court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). If all of Cone's federal-law claims get dismissed, this Court will decline to exercise supplemental jurisdiction over his state-law claims. Cone has not alleged facts to satisfy the elements of these state-law claims, but this Court will reserve ruling until Cone files an amended complaint, if he chooses to do so.

### III. Motion for Appointment of Counsel

Cone has filed a motion for appointment of counsel. Doc. 3. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant, this Court considers the complexity of the case, the ability of the litigant to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claims. Id. At this time, Cone's claims do not appear to be complex, and he is able to investigate the facts and present his claims adequately. This Court believes that Cone is capable of pursuing his claims pro se at this phase of litigation, and his motion for appointment of counsel, Doc. 3, is denied at this time.

### IV. Order

Accordingly, it is

ORDERED that Cone's motion for leave to proceed in forma pauperis, Doc. 2, is granted. It is further

ORDERED that Cone's motion for appointment of counsel, Doc. 3, is denied. It is finally

9

ORDERED that this Court grants Cone leave to file an amended complaint attaching his EEOC complaint and right-to-sue letter and pleading facts satisfying elements of the claims he wishes to make. Cone shall have 30 days from the entry of this order to do so. If he fails to do so, his complaint will be dismissed without prejudice.

DATED April 4th, 2023.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE