UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| MATTHEW AARON CONE,<br><br>Plaintiff,<br><br>vs.<br><br>JULIA ORROCK, LUCA ORROCK, KENNETH ORROCK, BRENT BORRENSON, GEORGE GAZZOLA,<br><br>Defendants. | 5:22-CV-05087-RAL<br><br><br>OPINION AND ORDER CONDUCTING 1915 SCREENING OF AMENDED COMPLAINT |

Plaintiff Matthew Aaron Cone filed a pro se lawsuit alleging employment discrimination.[1] See Doc. 1. Cone moved for leave to proceed in forma pauperis and filed a financial affidavit. Doc. 2. This Court granted Cone leave to proceed in forma pauperis and screened his complaint under 28 U.S.C. § 1915(e)(2). Doc. 5. Because Cone's complaint failed to plead facts satisfying the elements of the claims he wished to make and because Cone failed to attach his EEOC complaint and right-to-sue letter to his complaint, this Court granted Cone 30 days to file an amended complaint including his EEOC complaint and his right-to-sue letter. Id. at 10. Cone has submitted a supplement containing his EEOC complaint, his right-to-sue letter, his employer's response to the allegations in his EEOC complaint, and his reply to that response. Doc. 6. This Court now screens Cone's amended complaint under 28 U.S.C. § 1915(e)(2).

---

[1] Cone did not specify in his initial complaint under which federal statutes he sues defendants. See Doc. 1 at 5. In his EEOC complaint included in his supplement, he brings claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 (ADEA), and the Equal Pay Act. See Doc. 6 at 1. Because he expresses a desire to bring claims for disability discrimination, this Court construes Cone as also bringing claims under the Americans with Disabilities Act of 1990 (ADA). See Doc. 1-1 at 1–2.

1

## I. 1915 Screening

### A. Factual Allegations of Cone's Amended Complaint

Cone claims that he was formerly employed with Black Hills Patrol, a company owned by defendants Julia Orrock, Brent Borrenson, and Luca Orrock. Doc. 1-1 at 1. He claims that they "allowed [him] to work over 60 hours a week, while under contract, oftentimes more than 70 hours, knowing [his] age and health condition." Id. He states that he has a "heart condition and additional health conditions." Id. at 2. Cone alleges that Julia Orrock, Borrenson, and Luca Orrock also violated his contract by "not paying [him] his contracted sales commission earned and no overtime, without a proper designation of [his] federal classification of 'salaried employee.' " Id. at 1. He asserts that Julia Orrock, Borrenson, and Luca Orrock knowingly allowed convicted felons Kenneth Orrock and George Gazzola to run Black Hills Patrol. Id. Cone alleges that Kenneth Orrock, "at the behest of the owners," singled him out "with a system of lies and slander" in order to investigate his relationship with another employee, even though "such a relationship is not against Black Hills Patrol policies." Id. He also alleges that Kenneth Orrock used other employees, including Gazzola, for this purpose. Id.

Cone states that he was given an "action plan" that included a demotion "from Operations Manager to a regular employee and a complete change of long-standing policy, regarding assisting one specific employee, thus putting the employee in danger." Id. He states that "[w]ithin this action plan, [he] was accused of violating Black Hills Patrol reporting policy regarding the employee's filing of an EEOC complaint." Id. He claims that the action plan was used to justify his own termination during the EEOC investigation spurred by the other employee's complaint. See id. He alleges that Julia Orrock, Borrenson, and Luca Orrock cited unspecified policy violations by Cone as the cause of his termination. Id. Cone claims that, following his termination,

2

Luca Orrock, Kenneth Orrock, and George Gazzola "have been charged by [him] with criminal charges including [h]arassing phone calls and stalking[.]" Id. He also references "racist comments made in his presence[.]" Id. at 2.

Cone's supplement includes his EEOC complaint, which alleged sex discrimination, age discrimination, retaliation, and Equal Pay Act violations. Doc. 6 at 1. The complaint alleges discrimination between September 1, 2020, and December 2, 2021, but Cone's signature and the notarization of his signature are dated January 4, 2021. Id. On January 25, 2022, the South Dakota Division of Human Rights sent Cone a letter acknowledging receipt of his complaint and informing him that his complaint was sent on to the EEOC. Id. at 19. Cone received a right-to-sue letter on August 24, 2022. Id. at 2-3. In his EEOC complaint, Cone claims that he was retaliated against and is "paid less than similarly situated employees, both male and female." Doc. 6 at 1. He claims that he was employed as an inspector and operations manager and was the oldest and lowest-paid employee at Black Hills Patrol. Id. He alleges that new hires in all positions were paid more than he was and that he had not received a pay raise in four years. Id. He also alleges that Black Hills Patrol "placed [him] on a 60-day corrective action plan for engaging in an EEO complaint on behalf of [his] girlfriend." Id.

Cone attached a response to his EEOC complaint by Julia Orrock. Id. at 4–6. Julia Orrock responds that previous employees of Black Hills Patrol were significantly older than Cone and that three of his contemporaries were of a similar age. Id. at 4. She states that Cone's placement on a 60-day corrective action plan was for "violating company policies, unbecoming actions and failure to exercise good judgment." Id. In particular, she emphasizes his romantic relationship "with a subordinate under his direct supervision" and the fact that other subordinates complained of preferential treatment caused by this relationship. Id. She also claims that Cone's job performance

was negatively impacted by this relationship, which caused tens of thousands of dollars in contracts to be canceled due to his poor performance. Id. Julia Orrock states that Cone was the highest-paid employee of Black Hills Patrol, that he was disciplined in compliance with the company's progressive disciplinary policy, and that the termination of Cone's employment was not connected to his girlfriend's EEOC complaint or his own EEOC complaint. Id. at 4–5. She also states that the majority of Black Hills Patrol employees are male like Cone and that the company does not engage in any discriminatory practices. Id. at 6.

In his reply to Julia Orrick's response, Cone argues that his salary claims are based on unpaid commissions and hours worked. Id. at 7, 14–18. He alleges that he was a salaried employee who made, at most, slightly more money than other employees for doing significantly more work and that he was not paid commission on several contracts. See id. He claims that the older employees cited by Julia Orrick are differently situated because they are part-time or lack a security license and work fewer hours than he did. See id. at 8. Cone argues that his romantic relationship did not violate Black Hills Patrol policy and that Julia Orrock once stated that his girlfriend, who is Lakota, was a threat to file a lawsuit not because of the relationship but because of her race. Id. He asserts that Julia Orrock's various examples of unfair treatment and poor job performance are untrue. Id. at 9–13. He also asserts that according to Julia Orrock, Black Hills Patrol received his girlfriend's EEOC complaint two days before he was placed on the 60-day corrective action plan on December 2, 2021. Id. at 9.

Cone brings claims based on the allegations contained within his EEOC complaint. Doc. 1 at 1. He also brings claims for unpaid commissions, tax issues stemming from W-2 irregularities, unpaid overtime and vacation hours, slander and stalking by the defendants, breach of contract, unfiled workers' compensation reports, "targeted termination during [his] EEOC complaint[,]" and

4

wrongful termination. Id. at 1, 4. Cone brings claims against Black Hills Patrol owners Julia Orrock, Brent Borrenson, and Luca Orrock, as well as Black Hills Patrol employees Kenneth Orrock and George Gazzola. Id. at 1–2; Doc. 1-1 at 1. Construing his complaint liberally, Cone also brings claims against Black Hills Patrol. See Doc. 6 at 1. He seeks a public apology in writing for the allegedly racist comments, a notarized apology for all lies and slander, and either the closing of Black Hills Patrol or the signing over of the company to him. Doc. 1-1 at 2. He also asks for $30,000,000 for his pain, suffering, stress, and weight loss caused by the defendants, as well as all court costs incurred, lost wages based on wrongful termination, payment of medical bills owed because of the unfiled workers' compensation reports, and payment of the unpaid money owed for commissions and vacation time. Doc. 1 at 4; Doc. 1-1 at 2.

### B.    Legal Standard

A court when screening under 28 U.S.C. § 1915 must assume as true all facts well pleaded in the complaint. Estate of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam) (citations omitted).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted). If a complaint does not contain these bare essentials, dismissal is appropriate. See Beavers v. Lockhart, 755 F.2d 657, 663–64 (8th Cir. 1985). Twombly requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation omitted); see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing Twombly, 550 U.S. at 553–63)). Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation omitted) (quoting Twombly, 550 U.S. at 556).

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a), the court must then determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982); see also Key v. Does, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss claims if they "(i) [are] frivolous or malicious; (ii) fail[ ] to state a claim on which relief may be granted; or (iii) seek[ ] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court will now assess each individual claim under 28 U.S.C. § 1915.

    **C.**     **Cone's Causes of Action**

        **1.**     **Administrative Exhaustion of Employment Discrimination Claims**

Plaintiffs alleging violation of federal discrimination statutes must first file complaints with the EEOC. See Sellers v. Deere & Co., 791 F.3d 938, 943 (8th Cir. 2015). This Court can only consider employment discrimination claims once they have been exhausted through the EEOC process. See Weatherly v. Ford Motor Co., 994 F.3d 940, 944 (8th Cir. 2021). The EEOC must be offered the "initial opportunity to investigate allegations of employment discrimination and to work with the parties toward voluntary compliance and conciliation." See Parisi v. Boeing Co., 400 F.3d 583, 585 (8th Cir. 2005).

Cone's EEOC complaint alleges sex discrimination, retaliation, and violation of the Equal Pay Act. Doc. 6 at 1. He did not check the box for age discrimination on the EEOC complaint form, but his description of his claim states that he has been discriminated against on the basis of age. Id. He claims that Black Hills Patrol has violated Title VII of the Civil Rights Act and the Age Discrimination in Employment Act. Id. Cone's EEOC complaint, as submitted, makes no allegations of racial discrimination or disability discrimination. See id. The United States Court of Appeals for the Eighth Circuit has instructed courts to "construe administrative charges liberally" but not to "invent, *ex nihilo*, a claim that was not made before the relevant agency." Weatherly, 994 F.3d at 944. Thus, Cone's claims for age discrimination, sex discrimination, retaliation, and violation of the Equal Pay Act have been properly exhausted, but his claims for racial discrimination and disability discrimination have not been properly exhausted. Cone's claims for racial discrimination under Title VII of the Civil Rights Act and for disability discrimination under the Americans with Disabilities Act are dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

2. **Age Discrimination in Employment Act Claims**

Cone claims that he was discriminated against based on his age in violation of the ADEA. See Doc. 6 at 1. "The ADEA prohibits an employer from discharging 'any individual or otherwise discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.'" Hindman v. Transkrit Corp., 145 F.3d 986, 990 (8th Cir. 1998) (alteration in original) (quoting 29 U.S.C. § 623(a)(1)), abrogated on other grounds by Torgerson v. City of Rochester, 643 F.3d 1031 (8th Cir. 2011) (en banc). When a plaintiff's claim of age discrimination is not based on direct evidence of intentional discrimination, the plaintiff must establish a prima facie case of age discrimination by showing that "(1) he or she is a member of a protected age group; (2) he or she was qualified for the position he held; (3) despite his or her qualifications, he or she was demoted; and (4) he or she was replaced by a younger person." Id. (citing Ziegler v. Beverly Enterprises-Minnesota, Inc., 133 F.3d 671, 675 (8th Cir. 1998)). "The ADEA protects individuals who are at least forty years old." Id. (citing 29 U.S.C. § 631). Thus, Cone must show that he is at least forty years old, that he is qualified to perform his job, that he suffered an adverse employment action, and that employees who are not at least forty years old were treated differently. See id. (citing Ziegler, 133 F.3d at 675).

Here, Cone has not alleged facts sufficient to state claims under the ADEA. His complaint does not allege that he was fired or suffered adverse employment actions because of his age. See Doc. 1 at 1, 4; Doc. 1-1 at 1–2; Doc. 6 at 7–18. Cone states in his motion for leave to proceed in forma pauperis that he was 61 years old when he filed this lawsuit. Doc. 2 at 5. He also alleges that he suffered adverse employment actions in that he was demoted and fired. Doc. 1-1 at 1. Cone claims that the provided reasons for his firing were untrue and thus alleges that he was qualified to perform his job. See Doc. 6 at 9–13. But he makes no claims that he was treated differently than younger employees. See Doc. 1 at 1, 4; Doc. 1-1 at 1–2; Doc. 6 at 7–18. Instead,

he merely alleges that he was overworked and underpaid compared to other employees. See Doc. 6 at 7–8. Cone also alleges no facts showing direct evidence of intentional age discrimination. See Doc. 1 at 1, 4; Doc. 1-1 at 1–2; Doc. 6 at 7–18. Thus, Cone's claims for age discrimination under the Age Discrimination in Employment Act of 1967 are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

### 3. Claims under Title VII of the Civil Rights Act of 1964

#### a. Sex Discrimination

Cone claims that he was discriminated against based on sex in violation of Title VII. See Doc. 6 at 1. "Title VII makes it unlawful for an employer to discriminate against an employee on the basis of, among other things, the individual's sex." Boone v. Larson Mfg. Co., Inc., 299 F. Supp. 2d 1008, 1017 (D.S.D. 2003) (citing 42 U.S.C. § 2000e-2(a)(1)). Unless a plaintiff can produce direct evidence of sex discrimination, he must establish a prima facie case by demonstrating "(1) that [ ]he is within the protected class; (2) that [ ]he was qualified to perform h[is] job; (3) that [ ]he suffered an adverse employment action; and (4) that nonmembers of h[is] class (the opposite gender in the Title VII sex discrimination context) were not treated the same." Id.

Here, Cone fails to allege facts sufficient to state a claim under Title VII. Although Cone argues that he is within a protected class, he is qualified to perform his job, and he has suffered an adverse employment action, he makes no allegations that nonmembers of his class were not treated the same. See Doc. 1 at 1, 4; Doc. 1-1 at 1–2; Doc. 6 at 7–18. He claims that he was fired because of his relationship with a subordinate female employee, but he otherwise makes no allegations regarding gender. See Doc. 1 at 1, 4; Doc. 1-1 at 1–2; Doc. 6 at 7–18. Cone does not allege that he was treated differently than the subordinate employee with whom he had a relationship. See

9

Doc. 1 at 1, 4; Doc. 1-1 at 1–2; Doc. 6 at 7–18. Cone further writes in his reply to Julia Orrock's response to his EEOC complaint that "[i]t has never been about my gender." Doc. 6 at 17. Thus, Cone's sex discrimination claims under Title VII of the Civil Rights Act of 1964 are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

### b. Retaliation Claims

Cone claims that Black Hills Patrol retaliated against him in violation of Title VII. See Doc. 6 at 1. "To present a prima facie case of retaliation, a plaintiff must show that he engaged in protected conduct, that he suffered an adverse employment action, and that the adverse action was causally linked to the protected conduct." Kiel v. Select Artificials, Inc., 169 F.3d 1131, 1136 (8th Cir. 1999) (en banc). "The requisite causal connection may be proved circumstantially by proof that the discharge followed the protected activity so closely in time as to justify an inference of retaliatory motive." Rath v. Selection Rsch., Inc., 978 F.2d 1087, 1090 (8th Cir. 1992). The Eighth Circuit has held that an employee engaged in protected activity when he "fil[ed] an affidavit in a co-worker's EEOC complaint[.]" Watson v. O'Neill, 365 F.3d 609, 613 (8th Cir. 2004).

Here, Cone alleges facts sufficient to state a Title VII retaliation claim. In his EEOC complaint, Cone alleges that he was placed "on a 60-day corrective action plan for engaging in an EEO complaint on behalf of [his] girlfriend." Doc. 6 at 1. He alleges that he was fired in part because Black Hills Patrol received his own EEOC complaint. See id. at 17. He also alleges that he was placed on a corrective action plan two days after Black Hills Patrol received his girlfriend's complaint. See id. at 9. Thus, he alleges that he engaged in the protected activities of assisting with a coworker's EEOC complaint and filing his own EEOC complaint, that he suffered adverse employment actions, and that the adverse employment actions were causally linked to the

protected conduct. See id. at 1, 9, 17; Kiel, 169 F.3d at 1136. Cone's Title VII retaliation claims survive § 1915 screening.

### 4. Equal Pay Act Claims

Cone's EEOC complaint expresses a desire to bring claims under the Equal Pay Act. Doc. 6 at 1. Claims of unequal pay for equal work are governed by the Equal Pay Act. Drum v. Leeson Elec. Corp., 565 F.3d 1071, 1072 (8th Cir. 2009) (citing 29 U.S.C. § 206(d)). "In order to establish a prima-facie case under the [Equal Pay Act], an employee must prove an employer paid different wages to men and women performing equal work." Id. (citing Brown v. Fred's, Inc., 494 F.3d 736, 740 (8th Cir. 2007)). Here, Cone cannot establish a prima facie case under the Equal Pay Act because he makes no allegations that Black Hills Patrol paid different wages to men and women for the same work. See Doc. 1 at 1, 4; Doc. 1-1 at 1–2; Doc. 6 at 7–18. Instead, he only alleges that he has been underpaid and that other male employees have been paid similar amounts for doing less work. See Doc. 6 at 7–8, 14–15. Thus, Cone's claims under the Equal Pay Act are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

### 5. State-Law Claims

Cone alleges that the defendants have slandered him, stalked and harassed him, wrongfully terminated him, breached his contract, failed to pay him owed wages, commissions, overtime, and vacation hours, and failed to file workers' compensation reports resulting in unpaid medical bills. Doc. 1 at 1, 4; Doc. 1-1 at 2, Doc. 6 at 18. Construing his complaint liberally, Cone seeks to bring a variety of state-law claims. See Doc. 1 at 1, 4; Doc. 1-1 at 2; Doc. 6 at 18. Under 28 U.S.C. § 1367(a), this Court shall have supplemental jurisdiction over all other claims that "form part of the same case or controversy" as the civil action over which this court has original jurisdiction. Cone's

state-law claims are part of the same "case or controversy" as his Title VII retaliation claims. Thus, this Court appears to have supplemental jurisdiction over his state-law claims.

### a. Slander Claims

Cone alleges that defendants have slandered him. Doc. 1 at 1, 4; Doc. 1-1 at 2; Doc. 6 at 18. Under South Dakota law, "[e]very person is obligated to refrain from infringing upon the right of others not to be defamed." SDCL § 20-11-1. SDCL § 20-11-4 sets out the state-law definition of slander. One definition is

> a false and unprivileged publication, other than libel, which . . . [t]ends directly to injure him in respect to his office, profession, trade, or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade, or business that has a natural tendency to lessen its profit[.]

SDCL § 20-11-4. "In order to prove a slander case, there must be a communication of an objective fact that is false." Manuel v. Wilka, 610 N.W.2d 458, 465 (S.D. 2000) (citing Paint Brush Corp. v. Neu, 599 N.W.2d 384, 396 (S.D. 1999)).

Cone alleges facts sufficient to state a claim for slander under South Dakota law. Although Cone did not make clear in his initial complaint precisely how defendants slandered him, see Doc. 1 at 1, 4; Doc. 1-1 at 2, he claims in his reply to Julia Orrock's response to his EEOC complaint that defendants made false claims regarding his job performance in his action plan and in their response to his EEOC complaint. See Doc. 6 at 8, 10–13, 15–18. Thus, he alleges that defendants made false statements which "injure[d] him in respect to his office, profession, trade, or business" as required under SDCL § 20-11-4. Cone's state-law slander claims survive § 1915 screening.

### b. Stalking and Harassment Claims

Cone accuses defendants of stalking and harassment. See Doc. 1 at 4; Doc. 1-1 at 1; Doc. 6 at 18. He alleges that he has been forced to file charges with the local police department against

Kenneth Orrock for harassing phone calls and against Kenneth Orrock, Luca Orrock, and Gazzola for stalking. Doc. 6 at 18. He states that defendants have spied on and downloaded his social media, cited a portion of a social media post "to add emphasis to a statement about [him][,]" and spread rumors about him. Id. He also states that Gazzola followed him to take pictures of him. Id. SDCL § 22-19A-1, a South Dakota criminal statute that defines stalking,[2] prohibits

> (1) Willfully, maliciously, and repeatedly follow[ing] or harass[ing] another person;
> (2) Mak[ing] a credible threat to another person with the intent to place that person in reasonable fear of death or great bodily injury; or
> (3) Willfully, maliciously, and repeatedly harass[ing] another person by means of any verbal, electronic, digital media, mechanical, telegraphic, or written communication.

Here, Cone alleges facts sufficient to state claims for stalking against Kenneth Orrock and Gazzola. Cone claims that Kenneth Orrock has repeatedly harassed him through phone calls and that Gazzola followed him to take pictures of him. Doc. 6 at 18. He also claims that Kenneth Orrock and Gazzola engaged in these behaviors in furtherance of their work for Black Hills Patrol. Id. He alleges that Luca Orrock also participated in this activity, but he only claims that Luca Orrock spied on his social media, downloaded his social media information, cited a portion of a social media post, and spread rumors about him. Id. These behaviors do not fall under SDCL § 22-19A-1. Cone makes no allegations of stalking or harassment by Julia Orrock and Brent Borrenson. See Doc. 1 at 1, 4; Doc. 1-1 at 1–2; Doc. 6 at 7–18. Thus, Cone's state-law stalking and harassment claims against Kenneth Orrock, Gazzola, and Black Hills Patrol survive § 1915

---

[2] It is not clear whether SDCL § 22-19A-1 provides Cone a private right of action against defendants. See Danielson v. Huether, 2021 WL 217706, at *17 (D.S.D. Jan. 21, 2021); see also Stanley v. Hall, 2006 WL 3138824, at *16–17 (D.S.D. Oct. 31, 2006) (denying summary judgment on a stalking claim under SDCL § 22-19A-1 without addressing whether the statute provides a private right of action). This opinion assumes for screening purposes only that such a private right of action is available to Cone.

screening, but his state-law stalking and harassment claims against Julia Orrock, Luca Orrock, and Brent Borrenson are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

### c. Wrongful Termination Claim

Cone alleges that he was wrongfully terminated. Doc. 1 at 1; Doc. 1-1 at 2. Employees may be terminated at will in South Dakota, subject to three exceptions:

> (1) terminations that contravene public policy, (2) employees with express "for cause only" agreements or implied "for cause only" cases where an employee handbook contains a detailed list of exclusive grounds for discharge and a mandatory specific procedure the employer agrees to follow, or (3) an employee who accepted employment after being promised future promotion to a certain position.

Garrity v. Klimisch, 2020 WL 5878035, at *7 (D.S.D. Oct. 2, 2020) (quoting Bass v. Happy Rest, Inc., 507 N.W.2d 317, 321 (S.D. 1993)); see also SDCL § 60-4-4 ("An employment having no specified term may be terminated at the will of either party on notice to the other, unless otherwise provided by statute.").

Here, Cone alleges that Black Hills Patrol employed him pursuant to an employment contract. See Doc. 6 at 16. But he states that his "salaried contract" ended on October 13, 2021. Id. He also states that "[b]ecause [he] never signed an extension notification to extend [his] contract, it would have ended [November 1, 2018][.]" Id. Thus, Cone does not allege that he was terminated in violation of an express employment contract. See id.; Garrity, 2020 WL 5878035, at *7. Cone alleges that he followed Black Hills Patrol written policies during his employment and that he was fired for actions that did not violate these policies. Doc. 6 at 8, 16. The Supreme Court of South Dakota has explained that "[t]he existence and governing terms of any implied contract present questions of fact to be decided by a jury." Holland v. FEM Elec. Ass'n, Inc., 637 N.W.2d 717, 719 (S.D. 2001) (quoting Jurrens v. Lorenz Mfg. Co., 578 N.W.2d 151, 154 (S.D. 1998)). This Court cannot determine that the written policies--allegedly violated by Black Hills

Patrol when they fired Cone--do not constitute an implied contract. See Doc. 6 at 8, 16; see also Garrity, 2020 WL 5878035, at *7–8 (finding that plaintiff's allegations that he was terminated in violation of defendants' policies and procedures and in retaliation for engaging in protected speech were sufficient to survive a motion to dismiss for failure to state a wrongful termination claim). Cone's state-law wrongful termination claim survives § 1915 screening.

### d.     Breach of Contract Claims

Cone alleges that defendants have breached his employment contract by failing to pay him what he earned in wages, commissions, overtime, and vacation time. Doc. 1 at 1, 4; Doc. 1-1 at 1–2; Doc. 6 at 7, 14–15. Under South Dakota law, "[t]he elements of a breach of contract are (1) an enforceable promise; (2) a breach of the promise; and, (3) resulting damages." Bowes Constr., Inc. v. S.D. Dep't of Transp., 793 N.W.2d 36, 43 (S.D. 2010) (citing Guthmiller v. Deloitte & Touche, L.L.P., 699 N.W.2d 493, 498 (S.D. 2005)).

Here, Cone alleges facts sufficient to state a claim for breach of contract. He alleges that he worked for Black Hills Patrol under an employment contract that promised him wages, commissions, overtime pay, and vacation time pay, and that he did not receive the payments that he was owed under his contract. Doc. 1 at 1, 4; Doc. 1-1 at 1–2; Doc. 6 at 7, 14–15. Thus, Cone's breach of contract claims survive § 1915 screening.

### e.     Worker's Compensation Claim

Cone alleges that defendants failed to file his worker's compensation reports, causing him unpaid medical bills. Doc. 1 at 4; Doc. 1-1 at 2. Under South Dakota law, either the employer or the injured employee can request a hearing before the South Dakota Department of Labor and Regulation if the parties cannot resolve a worker's compensation dispute. SDCL § 62-7-12. Failure to request such a hearing within two years of the denial of a worker's compensation claim

bars an employee plaintiff from bringing a worker's compensation claim in court. SDCL § 62-7-35.

Here, Cone fails to state a claim for failure to file worker's compensation reports. Cone makes no showing that he sought a hearing before the Department of Labor and Regulation as required to bring a worker's compensation claim in court. See Doc. 1 at 1, 4; Doc. 1-1 at 1–2; Doc. 6 at 7–18. He also makes no allegation that he was injured while employed. See Doc. 1 at 1, 4; Doc. 1-1 at 1–2; Doc. 6 at 7–18. Cone alleges that he "suffered [two heart attacks while employed with [Black Hills Patrol]" in 2018, but he does not allege that he was working at the time that he suffered the heart attacks or that he was otherwise injured during the course of his employment. See Doc. 6 at 7. Thus, Cone's worker's compensation claim is dismissed without prejudice under § 1915(e)(2)(B)(ii).

## II.    Order

Accordingly, it is

ORDERED that Cone's Title VII retaliation claims survive § 1915 screening. It is further

ORDERED that Cone's state-law slander claims survive § 1915 screening. It is further

ORDERED that Cone's state-law stalking and harassment claims against Kenneth Orrock, Gazzola, and Black Hills Patrol survive § 1915 screening. It is further

ORDERED that Cone's state-law wrongful termination claim survives § 1915 screening. It is further

ORDERED that Cone's state-law breach of contract claims survive § 1915 screening. It is further

ORDERED that Cone's remaining claims are dismissed without prejudice under § 1915(e)(2)(B)(ii). It is further

ORDERED that the Clerk shall send blank summons forms and United States Marshals Service Forms (Form USM-285) to Cone so that he may complete the form to cause the complaint to be served upon Defendants Julia Orrock, Luca Orrock, Kenneth Orrock, Brent Borrenson, and George Gazzola. It is further

ORDERED that Cone shall complete and send the Clerk of Court a separate summons and USM-285 form for each defendant. Upon receipt of the completed summons and USM-285 forms, the Clerk of Court will issue the summonses. If the completed summons and USM-285 forms are not submitted as directed, the complaint may be dismissed. It is further

ORDERED that the United States Marshals Service shall serve the completed summonses, together with a copy of the complaint, Doc. 1, Cone's supplements containing additional allegations, Docs. 1-1 and 6, and this order upon the defendants. It is further

ORDERED that the defendants will serve and file an answer or responsive pleading to the amended complaints and supplement on or before 21 days following the date of service or 60 days if the defendant falls under Fed. R. Civ. P. 12(a)(2) or (3). It is finally

ORDERED that Cone will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Civil Local Rules while this case is pending.

DATED May 30th, 2023.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE