UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| MATTHEW A. CONE,<br><br>Plaintiff,<br><br>vs.<br><br>JULIA ORROCK, LUCA ORROCK, KENNETH ORROCK, BRENT BORRENSON, and GEORGE GAZZOLA,<br><br>Defendants. | 5:22-CV-05087-RAL<br><br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL |

Plaintiff Matthew A. Cone filed a pro se lawsuit alleging employment discrimination. See Doc. 1. This Court granted Cone leave to proceed in forma pauperis and screened his complaint and supplement to his complaint under 28 U.S.C. § 1915(e)(2). Docs. 5, 7. Cone filed a motion to appoint counsel, Doc. 21, which this Court denies.

Cone claims that this Court should appoint him counsel for following reasons: (1) Defendants' attorney, James Sword, allegedly became very aggressive toward Cone during the parties' Rule 26(f) meeting; (2) Sword refused to meet with Cone face-to-face because Cone supposedly threatened him, which Cone denies occurring; (3) Sword advised Cone of his hourly rate, because Sword allegedly thought he could charge Cone if Cone did not agree to the meeting time Sword demanded; (4) Sword allegedly became aggressive when Cone refused to give Sword a name of an individual to call as a witness; (5) Defendants, represented by Sword, previously sued Cone in state court for breach of contract, and the state court had refused any documents Cone tried to present; and (6) Sword allegedly tried to demean Cone in the discovery meeting. Id. at 1.

Cone also requests appointment of counsel because he is an older man with health issues who feels that the stress of his case may be lessened with legal counsel. Id.

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant, this Court considers the complexity of the case, the ability of the litigant to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claims. Id. At this time, Cone's claims do not appear to be complex, and he is able to investigate the facts and present his claims adequately. This Court expects that defense counsel will act professionally, in accordance with his obligations as a member of the bar of this Court, such that appointment of counsel is not necessary at this time. This Court believes that Cone is capable of pursuing his claims pro se at this phase of litigation, and his motion for appointment of counsel, Doc. 21, is denied at this time.

Therefore, it is hereby

ORDERED that Cone's motion to appoint counsel, Doc. 21, is denied.

DATED December 6, 2023.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE