UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| MATTHEW A. CONE,<br><br>Plaintiff,<br><br>vs.<br><br>JULIA ORROCK, LUCA ORROCK, KENNETH ORROCK, BRENT BORRENSON, GEORGE GAZZOLA,<br><br>Defendants. | 5:22-CV-05087-RAL<br><br>OPINION AND ORDER GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE-LAW CLAIMS |

Plaintiff Matthew Cone filed this pro se lawsuit alleging employment discrimination. Doc. 1. This Court granted Cone leave to proceed in forma pauperis and screened his complaint under 28 U.S.C. § 1915(e)(2). Doc. 5. Because Cone's complaint failed to plead facts satisfying the elements of the claims he wished to pursue and because Cone failed to attach his EEOC complaint and right-to-sue letter to his complaint, this Court granted Cone thirty days to file an amended complaint. Id. at 10.

Cone submitted a supplement containing his EEOC complaint, his right-to-sue letter, his employer's response to the allegations in his EEOC complaint, and his reply to that response. Doc. 6. After screening Cone's amended complaint under 28 U.S.C. § 1915(e)(2), this Court dismissed the amended complaint in part and directed service on the defendants who remained after screening. Doc. 7 at 16–17. Cone's Title VII retaliation claim and state-law claims for slander, stalking and harassment, wrongful termination and breach of contract survived § 1915 screening. Id.

Defendants move for summary judgment. Doc. 32. Defendants also move to dismiss the state-law claims under Federal Rule of Civil Procedure 12(b)(1), arguing that they are barred by res judicata. Doc. 40. Cone has filed a number of discovery motions because Defendants have failed to provide the information Cone claims to have requested during the parties' Rule 26(f) meeting. Docs. 27, 31, 45, 49, 58.

## I. FACTUAL BACKGROUND

In accordance with D.S.D. Civ. LR 56.1.A, Defendants filed a statement of material facts presenting each material fact "in a separate numbered statement with an appropriate citation to the record in the case." See Doc. 33. As the party opposing summary judgment, Cone "must respond to each numbered paragraph in the moving party's statement of material facts with a separately numbered response and appropriate citations to the record." D.S.D. Civ. LR 56.1.B. "All material facts set forth in the movant's statement of material facts will be deemed to be admitted unless controverted by the opposing party's response to the moving party's statement of material facts." D.S.D. Civ. LR 56.1.D; see also Fed. R. Civ. P. 56(e)(2) (providing that the court can consider a fact undisputed when a party "fails to properly address another party's assertion of fact as required by Rule 56(c)"). This rule apples even when the nonmoving party is proceeding pro se. Johnson v. Kaemingk, 4:17-CV-04043-LLP, 2020 WL 1441713, at *1 (D.S.D. Mar. 23, 2020) (deeming facts admitted where a pro se plaintiff filed an opposition to a motion for summary judgment but did not comply D.S.D. Civ. LR 56.1.B); Joe v. Walgreens Co/ILL, 4:09-CV-04144-RAL, 2010 WL 2595270, at *1 (D.S.D. June 23, 2010) (deeming facts admitted where a pro se nonmoving party did not submit a statement of material facts or directly respond to the moving party's statement of material facts); see also Bunch v. Univ. of Ark. Bd. of Trs., 863 F.3d 1062, 1067 (8th

Cir. 2017) (holding that a litigant's pro se status does not excuse him from following the district court's local rules).

This Court granted Cone's request for an extension of time to respond to Defendants' motion to dismiss pursuant to Rule 12(b)(1) and motion for summary judgment. Docs. 44, 46. The Order instructed that "when filing his response, Cone should comply with Rule 56 of the Federal Rules of Civil Procedure and Rule 56.1 of the District of South Dakota's Civil Local Rules of Practice." Doc. 46 at 2. Although Cone has filed pleadings opposing Defendants' Motion for Summary Judgment, see Docs. 47, 52, 54, he has not responded to Defendants' Statement of Material Facts with separately numbered paragraphs and appropriate citations to the record, as required by D.S.D. Civ. LR 56.1.B. Defendants' Statement of Material Facts, Doc. 33, is deemed admitted because Cone did not comply with D.S.D. Civ. LR 56.1.B. Nevertheless, because Cone's complaint, Doc. 1, and Charge of Discrimination, Doc. 6 at 1, are verified, this Court will consider any specific, non-conclusory facts alleged in these documents. See Roberson v. Hayti Police Dep't, 241 F.3d 992, 995 (8th Cir. 2001) ("[T]he facts alleged in a verified complaint need not be repeated in a responsive affidavit in order to survive a summary judgment motion.").

Cone was employed by Black Hills Asset Protection Group, LLC (BHAPG).[1] Doc. 33 ¶ 1. Cone had an employment contract with BHAPG that authorized him to hire and fire employees, enter into contracts on behalf of BHAPG, set work schedules and assignments, and make recommendations for promotion and raises for subordinate employees. Id. ¶ 4. Cone hired Claudia Coonce to work as a security officer for BHAPG. Id. ¶ 5. After meeting Coonce during her employment interview, Cone immediately began to pursue Coonce romantically. Id. ¶ 7. Coonce

---

[1] Cone's complaint alleges that he was employed by Black Hills Patrol. Doc. 1-1 at 1. BHAPG does business as Black Hills Patrol. Doc. 35 ¶ 1; Doc. 38 ¶ 1.

3

and Cone began a sexual relationship. Id. ¶ 9. Coonce was Cone's direct subordinate; he had the power to fire her. Id. ¶ 8. Cone arranged for raises, promotions, and preferential assignments for Coonce while concealing from his employer his relationship with Coonce. Id. ¶ 10. Eventually Cone's employer, BHAPG, became aware of his relationship with Coonce, and Cone admitted to the member officers of BHAPG that he was in a sexual relationship with Coonce, his subordinate. Id. ¶ 11. Cone contends that his relationship with Coonce did not violate any BHAPG policy. Doc. 1-1 at 1.

BHAPG placed Cone on a sixty-day corrective action plan that required Cone to terminate his relationship with Coonce and to make specific improvements in his performance, not related to Coonce. Doc. 33 ¶ 12. Coonce filed an EEOC complaint against BHAPG, which, according to BHAPG, the EEOC deemed as unfounded. Id. ¶ 13. BHAPG did not take any adverse action against Coonce, though she did file an EEOC complaint. Id. Cone alleges that his corrective action plan was retaliation against him in response to Coonce's EEOC complaint. Doc. 54 at 4. BHAPG denies taking any adverse action against Cone based on his support of Coonce's EEOC complaint. Doc. 33 ¶ 29. Cone did not comply with the requirements of his corrective action plan, and BHAPG terminated him for cause. Id. ¶ 14. Before his termination, Cone had filed a complaint with the EEOC, but BHAPG was not aware of Cone's EEOC complaint when he was terminated. Id. ¶¶ 15–16, 31. After Cone's termination, the EEOC forwarded Cone's complaint to BHAPG and requested a response. Id. ¶¶ 15, 31. One of the Defendants, Julia Orrock, responded to the EEOC complaint on behalf of BHAPG. Id. ¶ 15. Cone's state-law slander claim arises out of statements Julia Orrock included in BHAPG's EEOC response and allegedly false claims regarding his job performance in the corrective action plan. Doc. 6 at 8, 10–13, 15–18.

Before his termination, Cone alleges that Defendants breached his employment contract by failing to pay him what he earned in wages, commission, overtime, and vacation time. Doc. 1 at 1, 4; Doc. 1-1 at 1–2; Doc. 6 at 7, 14–15. Cone also alleges that he was wrongfully terminated. Doc. 1 at 1; Doc. 1-1 at 2. According to Cone, he followed BHAPG's written policies during his employment, and he was fired for actions that did not violate these policies. Doc. 6 at 8, 16.

Cone alleges that Defendants stalked and harassed him after his termination. Doc. 1 at 4; Doc. 1-1 at 1; Doc. 6 at 18. Specifically, Cone claims that Defendant Kenneth Orrock repeatedly harassed him through phone calls and that Defendant George Gazzola followed him to take pictures of him. Doc. 6 at 18. Kenneth Orrock denies making any harassing telephone calls to Cone. Doc. 33 ¶ 36. Kenneth Orrock has a history of "butt dialing" people on his cell phone "favorites" list. Id. ¶ 37. If Kenneth Orrock made any telephone calls to Cone after his termination, it was unintentional. Id. Gazzola denies following Cone and states that he has never photographed Cone. Id. ¶¶ 39, 40.

After Cone's termination, Cone accepted a position with another contract security company in Pennington County and shared BHAPG's confidential, proprietary business information with his new employer, in violation of his BHAPG employment contract Id. ¶ 17. BHAPG commenced a breach of contract action against Cone in state court. Id. ¶ 18; Doc. 40-1. The state-law summons and complaint were served on Cone on June 1, 2022, but Cone did not answer, appear, or otherwise plead within thirty days after service. Doc. 40-1 at 3, 4. On July 18, 2023,[2] the state court entered a default judgment in favor of BHAPG and against Cone in the amount of $100,000. Id. at 2, 4. Cone's employment agreement with BHAPG included a provision for liquidated damages in the

---

[2] Cone commenced this action on October 19, 2022, after BHAPG had commenced the state-court breach of contract action, but before the circuit court entered a default judgment against Cone. See Doc. 1; Doc. 40-1 at 4–5.

5

amount of $100,000 if Cone breached the agreement. Id. BHAPG relied on photographs of Cone in the state-court action, but these photographs were from social media posts and, therefore, in the public domain. Doc. 33 ¶¶ 41, 42.

Cone contends that he was no longer bound by the terms of his employment contract after his termination. Doc. 52 at 2, 6–7. He also seems to argue that the Federal Trade Commission's April 2024 ruling regarding non-competes invalidates the provisions of the employment contract upon which BHAPG's state-court action was based.[3] Id. at 2.

## II. ANALYSIS

### A. Cone's Motions to Compel

Cone has filed a motion seeking production of specific documents he claims to have requested during the parties' Rule 26 meeting. Doc. 27. See also Doc 30-1; Doc. 45; Doc. 49 at 3–4; Doc. 52 at 7–8; Doc. 54 at 6–7. Defendants argue that they have complied with Federal Rule of Civil Procedure 26(a)(1) and have provided a copy of the initial disclosures they served on Cone. Doc. 29 ¶ 10; Doc. 29-2. Defendants oppose Cone's motion to compel for two reasons. First, Cone has not served any interrogatories or requests for production on any of the Defendants. Doc. 29 ¶¶ 1, 13. Second, requests for the documents Cone seeks should be directed to Cone's former employer, BHAPG, not the individual defendants. Id. ¶¶ 7–8.

---

[3] On April 23, 2024, the Federal Trade Commission adopted a final Non-Compete Rule, 16 C.F.R. § 910, providing that it is an unfair method of competition to enter into or enforce non-compete agreements. Ryan, LLC v. Fed. Trade Comm'n, 2024 WL 3879954, at *3–4 (N.D. Tex. Aug. 20, 2024). The Non-Compete Rule did not go into effect as scheduled. The United States District Court for the Northern District of Texas held that rule is unlawful, exceeds the FTC's statutory authority, and is arbitrary and capricious. Id. at *14. The FTC filed a notice of appeal to the United States Court of Appeals for the Fifth Circuit on October 18, 2024. Ryan, LLC, v. Fed. Trade Comm'n, 3:24-CV-00986-E, Doc. 213 (N.D. Tex).

Federal Rule of Civil Procedure 37 provides that "a party may move for an order compelling . . . discovery." Fed. R. Civ. P. 37(a)(1). A party may move for an order compelling a disclosure required by Rule 26(a), an answer to an interrogatory submitted under Rule 33, a request for production of documents under Rule 34, or an answer to a question during a deposition under Rule 30 or 31. Id. at 37(a)(3). This Court need not consider whether a member of a limited liability company has "possession, custody, or control[]" of the company's documents, records, and electronically stored information because the record does not demonstrate that Cone has served any interrogatories or requests for production of documents on any of the defendants. Fed. R. Civ. P. 34(a)(1); Doc. 52 at 7.

According to one of Cone's pleadings, "The Plaintiff is still requesting the documentation from the Defendants as put forth in the Rule 26 meeting. The Defendants have not provided anything requested by the Plaintiff, as of this date, July 19, 2024. . . . They refuse to provide the documents requested in the Rule 26 meeting." Doc. 52 at 7. "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure[.]" Fed. R. Civ. P. 37(a)(3)(A). Rule 26(a)(1)(A) provides in relevant part that

> [A] party must, without awaiting a discovery request, provide to the other parties:
>
> (i)      the name and, if known, the address and telephone number of each individual likely to have discoverable information–along with the subjects of that information–that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (ii)      a copy–or a description by category and location–of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (iii)      a computation of each category of damages claimed by the disclosing party– who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected

      from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

  (iv)  for inspection and copying under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments make to satisfy the judgment.

Fed. R. Civ. P. 26(a)(1)(A). This Court has reviewed Defendants' Rule 26(a)(1) initial disclosures, Doc. 29-2, and finds that Defendants have complied with the Rule. Rule 26(a)(1)(A) does not require Defendants, as part of their initial disclosures to produce documents, electronically stored information, and tangible things Cone may use to support his claims or prove his claimed damages, even if Cone requested the information during the parties' Rule 26 meeting. Rule 37 does not authorize this Court to enter an order compelling a litigant to respond to an opposing party's informal requests for information. Thus, Cone's motion for discovery, Doc. 27, and motions to compel, Docs. 45, and 49, are denied.

  Cone also requests an order compelling the Rapid City Police Department, Pennington County Sheriff's Office, and Rapid City Fire Department to produce "proper documentation of 3 separate incidents involving Ms. Coonce while she was working scheduled shifts for Black Hill Patrol." Doc. 31 at 1. <u>See also</u> Doc. 49 at 4. Neither the Federal Rules of Civil Procedure nor the District of South Dakota's Civil Local Rules of Practice contemplate a court requiring law enforcement and safety agencies to produce records and reports merely because a pro se litigant contends the records and reports may be relevant to his claims. To obtain documents from non-parties, Cone must comply with Federal Rule of Civil Procedure Rule 45. Because the record does not demonstrate that he has done so, his motion for an order compelling non-party law enforcement and safety agencies to produce records and documents, Doc. 31, is denied.

### B. Cone's Motion for Subpoenas

Cone also requests that the Court issue subpoenas permitting him "to gain the documents requested in the November 8, 2023, Rule 26 meeting with the Defendants['] Legal Counsel." Doc. 58 at 5. Cone's motion for subpoenas, Doc. 58, is denied for two reasons. First, as discussed above, Cone apparently did not serve any formal discovery seeking the information he now wants to subpoena from the Defendants and the Defendants have complied with Rule 26(a)(1) through their initial disclosures. Further, the Federal Rules of Civil Procedure do not countenance issuing a subpoena to a party. Jones v. Nat'l Am. Univ., 5:06-CV-5075-KES, 2008 WL 4616684, at *2 (D.S.D. Oct. 16, 2008 ) ("Based upon the plain meaning of the rules, the committee notes of the rules, and case law interpreting the rules, the court finds that Rule 34 governs the discovery of documents in the possession or control of the parties themselves and Rule 45 concerns obtaining discovery from non-parties."). Cone's pro se status does not excuse him from complying with the Federal Rules of Civil Procedure if he wants to conduct discovery. Baker v. Immanuel Med. Ctr., 2007 WL 2914547, at *2 (D. Neb. Oct. 3, 2007) (stating that a district court has no authority to affirmatively assist a pro se plaintiff in performing discovery).

Second, Paragraph 5 of the Court's Rule 16 Scheduling Order provides that "[a]ll discovery, including expert discovery, must be commenced in time to be completed by **May 1, 2024.**" Doc. 25 ¶ 5. Cone's motion for subpoenas, Doc. 58, was filed on December 4, 2024, more than seven months after the expiration of the discovery deadline. See Jones, 2008 WL 4616684, at *3 (holding that a subpoena duces tecum is a discovery mechanism and must be served before the discovery deadline). On December 3, 2024, the day before Cone filed a motion for subpoenas, this Court granted Defendants' motion to quash subpoenas Cone had mailed to Defendants' counsel, the City of Rapid City, and ATC Business Accounting and Bookkeeping. Doc. 56.

Cone's motion for subpoenas, Doc. 58, is denied for the same reasons this Court granted Defendants' motion to quash. See Doc. 56.

### C. Defendants' Motion for Summary Judgment

#### 1. Summary Judgment Standard

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On summary judgment, the evidence is "viewed in the light most favorable to the nonmoving party[.]" True v. Nebraska, 612 F.3d 676, 679 (8th Cir. 2010) (citation omitted). There is a genuine issue of material fact if "a reasonable jury [could] return a verdict for either party" on a particular issue. Mayer v. Countrywide Home Loans, 647 F.3d 789, 791 (8th Cir. 2011) (citation omitted). A party opposing a properly made and supported motion for summary judgment must cite to particular materials in the record supporting the assertion that a fact is genuinely disputed. Fed. R. Civ. P. 56(c)(1); Gacek v. Owens & Minor Distrib., Inc., 666 F.3d 1142, 1145 (8th Cir. 2012). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." Thomas v. Corwin, 483 F.3d 516, 527 (8th Cir. 2007).

#### 2. Cone's Title VII Retaliation Claim

Title VII provides that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). See also Warren v. Kemp, 79 F.4th 967, 973 (8th Cir. 2023)

(listing the element of a Title VII retaliation claim). It is undisputed that Cone was employed by BHAPG, a South Dakota limited liability company, and not by any of the named individual defendants. Doc. 33 ¶ 1. Julia Orrock and Defendant Brent Borresen[4] were members of BHAPG and, in their capacity as members of BHAPG, were involved in Cone's termination. Id. ¶ 26; Doc. 37 ¶¶ 2, 7; Doc. 39 ¶¶ 1, 6. Julia Orrock signed Cone's corrective action plan. Doc. 52-1. Defendant Luca Orrock and Gazzola were employed by BHAPG d/b/a as Black Hill Patrol[5] and were Cone's subordinates. Doc. 33 ¶ 25; Doc. 35 ¶¶ 1, 2; Doc. 38 ¶¶ 1, 2. Because none of the Defendants were Cone's employer, Defendants are entitled to summary judgment on Cone's Title VII retaliation claim.

Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person[.]" 42 U.S.C. § 2000e(b). The purpose of the agent provision is to incorporate respondeat superior liability into the statute. See, e.g., Haynes v. Williams, 88 F.3d 898, 901 (10th Cir. 1996) ("statutory liability [under Title VII] is appropriately borne by employers, not individual supervisors"); Gary v. Long, 59 F.3d 1391, 1399 (D.C. Cir. 1995) (stating that "the employer . . . is alone liable for a violation of Title VII"). The United States Court of Appeals for the Eighth Circuit has consistently held that individual employees, including supervisors, may not be held liable under Title VII. Spencer v. Ripley Cnty. State Bank, 123 F.3d 690, 691 (8th Cir. 1997) (per curiam); Carson v. Lacy, 856 F. App'x 53, 54 (8th Cir. 2021) (per curiam). Similarly, corporate officers and owners cannot be

---

[4] It appears that this Defendant's last name was misspelled in the complaint. See Docket 1 at 1. According to his affidavit, the correct spelling of this Defendant's last name is Borresen. See Docket 37.

[5] In his Charge of Discrimination, which was signed under penalty of perjury and notarized, Cone states that he was employed by Black Hills Patrol. Doc. 6 at 1.

held individually liable under Title VII. See, e.g., Harris v. Heritage Home Health Care, 939 F. Supp. 2d 793, 800 (E.D. Mich. 2013) (holding that owners of an entity could not be individually liable under Title VII based on their status as "owners" or "agents" of an employer); Humphreys v. Med. Towers, Inc., 893 F. Supp. 672, 688 (S.D. Tex. 1995) (finding that individual defendant could not be personally liability under Title VII even though he was the sole shareholder and president of the managing and general partner company of plaintiff's employer).

Cone argues that defendants are "attempting to hide behind a shield of an LLC," and can be individually liable under the "alter ego" doctrine. Doc. 47 at 2–4. Courts have generally rejected arguments that the alter ego doctrine gives rise to an exception to the rule against individual liability in Title VII cases. See, e.g., Dearth v. Collins, 441 F.3d. 931, 933–34 (11th Cir. 2006); Worth v. Tyler, 276 F.3d 249, 262 (7th Cir. 2001). But even if this Court were to recognize an alter ego or piercing the corporate veil exception to the rule against individual liability in Title VII cases, Cone's argument fails as a matter of law because it is based upon only unsupported allegations. Under South Dakota law, a corporation is to be considered a legal entity separate and distinct from its shareholders, officers, and directors "unless and until there is sufficient reason to the contrary." Brevet Intern., Inc. v. Great Plains Luggage Co., 604 N.W.2d 268, 273 (S.D. 2000) (citations omitted). The Supreme Court of South Dakota has enumerated six factors to consider when determining "whether equity demands piercing the corporate veil." Id. at 274. These factors include: "(1) undercapitalization; (2) failure to observe corporate formalities; (3) absence of corporate records; (4) payment by the corporation of individual obligations; (5) fraudulent misrepresentation by corporate directors; and (6) use of the corporation to promote fraud, injustice or illegality." Id. (citing Kansas Gas & Elec. Co. v. Ross, 521 N.W.2d 107, 112 n.6 (S.D. 1994)). Here, Cone makes unsworn allegations in one of his filings opposing

Defendants' motion for summary judgment. See Doc. 47. To oppose Defendants' motion for summary judgment, Cone must cite "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A). Cone has not cited to any record evidence to support his alter ego/piercing the corporate veil arguments. Defendants' motion for summary judgment, Doc. 32, is granted in part, and Cone's Title VII retaliation claim against Defendants is dismissed. See Viewpoint Neutrality Now! v. Bd. of Regents of Univ. of Minn., 109 F.4th 1033, 1038 (8th Cir. 2024) (stating that to survive summary judgment a plaintiff may not merely point to unsupported self-serving allegations but must substantiate allegations with sufficient probative evidence to permit a finding in the plaintiff's favor) (citation omitted)).

### 3. Cone's State-Law Claims

Cone's state-law claims for slander, stalking and harassment, wrongful termination, and breach of contract survived § 1915 screening. Doc. 7 at 16–17. Because there is not complete diversity of citizenship, see Doc. 1 at 2, there is no federal subject matter jurisdiction over Cone's state-law claims unless this Court exercises supplemental jurisdiction under 28 U.S.C. § 1367(a). Section 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" But Section 1367(c)(3) permits a district court to decline to exercise supplemental jurisdiction over state-law claims if the court "has dismissed all claims over which it has original jurisdiction[.]" See also Zutz v. Nelson, 601 F.3d 842, 850 (8th Cir. 2010). "The

district court is afforded broad discretion in determining whether to exercise supplemental jurisdiction." Crest Constr. II, Inc. v. Doe, 660 F.3d 346, 359 (8th Cir. 2011) (citation omitted).

Defendants argue that the doctrine of res judicata bars Cone's state-law claims. Doc. 40. Specifically, Defendants contend that Cone's state-law claims are mandatory counterclaims that Cone should have asserted in a prior state-court action in which Defendants obtained a default judgment against Cone. Id.; see also Doc. 41. Cone seems to question the validity of the default judgment or perhaps whether this Court is bound by a state-court default judgment. Doc. 52 at 1–7; Doc. 54 at 6 (stating that "[r]eview of the State Court, Breach of Contract Judgement against the Plaintiff" is an issue). The parties' arguments raise state-law questions such as what constitutes a mandatory counterclaim under South Dakota law, whether a party can collaterally challenge a default judgment entered by a South Dakota circuit court, and what preclusive effect a default judgment has under South Dakota state law. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984) ("[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."). It is more appropriate for a South Dakota court, rather than this Court exercising supplemental jurisdiction, to address these issues. Condor Corp. v. City of St. Paul, 912 F.2d 215, 221 (8th Cir. 1990) ("We stress the need to exercise judicial restraint and avoid state law issues whenever possible. We also recognize within principles of federalism the necessity to provide great deference and comity to state court forums to decide issues involving state law questions.").

Because this Court has dismissed Cone's Title VII retaliation claim, Cone's only claim within original federal jurisdiction, this Court declines to exercise supplemental jurisdiction over Cone's state-law claims. See Johnson v. City of Pine Bluff, 450 F. App'x 557 (8th Cir. 2012) (per curiam) (holding that district court did not abuse its discretion by declining to exercise

supplemental jurisdiction over state-law claims after granting summary judgment against employee on her federal employment claim); <u>Mountain Home Flight Serv., Inc. v. Baxter Cnty.</u>, 758 F.3d 1038, 1045 (8th Cir. 2014) (holding that district court acted within its discretion by declining to exercise supplemental jurisdiction after dismissing § 1983 claims); <u>see also</u> Doc. 5 at 9 ("If all of Cone's federal-law claims get dismissed, this Court will decline to exercise supplemental jurisdiction over his state-law claims.").

### III. CONCLUSION

For all the reasons stated above, it is hereby

ORDERED that Cone's motion for discovery, Doc. 27, and motions to compel, Docs. 31, 45, and 49, are denied. Cone's motion for hearing, Doc. 49, is also denied. It is further

ORDERED that Cone's motion for subpoenas, Doc. 58, is denied. It is further

ORDERED that Defendants' motion for summary judgment, Doc. 32, is granted in part, and Cone's Title VII retaliation claim against Defendants is dismissed. It is further

ORDERED that this Court declines to exercise supplemental jurisdiction over Cone's state-law claims; Cone's state-law claims for slander, stalking and harassment, wrongful termination, and breach of contract are dismissed without prejudice. It is finally

ORDERED that Defendants' motion to dismiss Cone's state-law claims, Doc. 40, and Defendants' motion for summary judgment on Cone's state-law claims, Doc. 32, are denied as moot and without prejudice to Cone refiling his state-law claims in state court.

DATED this 3rd day of January, 2025.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE

15